UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE
COMPANY, *et al.*,

    Plaintiffs,

v.

EXECUTIVE AMBULATORY
SURGICAL CENTER, LLC, *et al.*,

    Defendants.
_____/

Case No. 22-11263

Hon. George Caram Steeh

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS (ECF NO. 39)

Plaintiffs are various Allstate insurance entities (collectively, "Allstate") who have filed suit against eight providers of medical services, including Rakesh Ramakrishnan and Rakesh Ramakrishnan, M.D., P.C. ("Ramakrishnan Defendants"). Broadly, Plaintiffs allege that Defendants engaged in a scheme to defraud Allstate by submitting fraudulent no-fault insurance claims for services that were not actually performed or were not medically necessary. According to Allstate, Defendants are interrelated and used Ramakrishnan P.C. to generate bills for medically unnecessary services and to refer patients to other defendant entities for medically

unnecessary treatment and testing. Allstate alleges that it paid Defendants more than $2,000,000 in false claims.

Allstate alleges that the Ramakrishnan Defendants routinely billed Allstate multiple times for the same service, for surgeries and injections that were not performed, for medically unnecessary injections and x-rays, for treatments performed unnecessarily at surgical centers, and for more complicated examinations than were actually performed (known as upcoding). ECF No. 1 at ¶¶ 59-61, 68, 91-95, 126-31, 149, 161-68, 204, 212-17, 222-30, 302-305, 453-54. Allstate provides specific examples of the allegedly fraudulent claims in the complaint, as well as lists of additional allegedly fraudulent claims in exhibits attached to the complaint. *See* ECF No. 1-5. Allstate alleges that Defendants conspired to engage in systematic fraud in order to maximize the amount of reimbursement they received from Allstate. The causes of action alleged in the complaint include violations of the Racketeer Influenced and Corrupt Organizations Act (RICO),18 U.S.C. §1962(c) and (d), common law fraud, civil conspiracy, payment under mistake of fact, and unjust enrichment.

The Ramakrishnan Defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss, Plaintiffs must allege facts that, if accepted as true, are sufficient

"to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999) (internal quotation marks omitted).

As Defendants point out, Plaintiffs must plead fraud with particularity pursuant to Federal Rule 9(b). To do so, a plaintiff must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010); *see also Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012).

Plaintiffs' complaint alleges a violation of 18 U.S.C. § 1962(c), which provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). A violation of the statute requires "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985). Racketeering activity consists of a number of criminal offenses, including mail and wire fraud, which are alleged here. *See* 18 U.S.C. § 1961(1)(B).

The elements of mail fraud are "(1) a scheme to defraud, and (2) use of the mails in furtherance of the scheme." *United States v. Jamieson,* 427 F.3d 394, 402 (6th Cir. 2005). Wire fraud is essentially the same, except that one must use the wires in furtherance of the fraudulent scheme. *United States v. Daniel,* 329 F.3d 480, 486 n.1 (6th Cir. 2003). "A scheme to defraud includes any plan or course of action by which someone uses false, deceptive, or fraudulent pretenses, representations, or promises to deprive someone else of money." *Jamieson,* 427 F.3d at 402. "A plaintiff must also demonstrate *scienter* to establish a scheme to defraud, which is satisfied by showing the defendant acted either with a specific intent to defraud or with recklessness with respect to potentially misleading information." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012).

When pleading predicate acts of mail or wire fraud, in order to satisfy the heightened pleading requirements of Rule 9(b), a plaintiff must "(1)

specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Heinrich*, 668 F.3d at 404. So long as a plaintiff "pleads sufficient detail – in terms of time, place and content, the nature of a defendant's fraudulent scheme, and the injury resulting from the fraud – to allow the defendant to prepare a responsive pleading, the requirements of Rule 9(b) will generally be met." *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008).

The Ramakrishnan Defendants argue that the complaint is deficient because it fails to comply with Rule 9(b), does not sufficiently allege intent, and relies on conclusory allegations and group pleading. Defendants' argument is not well taken. In the complaint, which spans 728 paragraphs and 152 pages, Allstate describes the overall scheme by alleging that Defendants intentionally submitted fraudulent no-fault insurance claims for services that were not actually performed or were not medically necessary. With respect to the Ramakrishnan Defendants, Allstate identifies specific examples of claims that it alleges to be fraudulent, including identifying the claim number, patient initials, date of service, and the reasons why Allstate believes the claim to be fraudulent. *See, e.g.,* ECF No. 1 at ¶¶ 127-31, 163-68. Aside from the specific examples set forth in the body of the complaint,

Allstate attached a chart identifying hundreds of allegedly fraudulent claims submitted by Ramakrishnan P.C., with the knowledge of and at the direction of Dr. Ramakrishnan. ECF No. 1-5; ECF No. 1 at ¶¶ 29-30, 44-45, 53, 63, 87-89, 556. In addition, the number and pattern of allegedly fraudulent claims supports a reasonable inference that their submission was intentional or reckless. *See Heinrich*, 668 F.3d at 404 (intent element of predicate acts of wire and mail fraud may be established "with recklessness with respect to potentially misleading information").

In similar cases alleging RICO violations in the insurance fraud context, courts have found allegations describing the overall scheme, as well as specific examples of fraudulent claims, to be sufficient to comply with the pleading requirements of Rule 9. "In complex civil RICO actions involving multiple defendants, Rule 9(b) does not to require that the 'temporal or geographic particulars of each mailing made in furtherance of the fraudulent scheme be stated with particularity, but only that the plaintiff delineate, with adequate particularity in the body of the complaint, the specific circumstances constituting the overall fraudulent scheme.'" *State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, 2013 WL 509284, at *5 (E.D. Mich. Feb. 12, 2013) (citation omitted). *Accord State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 107 F. Supp.3d 772, 788-91

(E.D. Mich. 2015); *State Farm Mut. Ins. Co. v. Elite Health Centers, Inc.*, 2017 WL 877396, at *7 (E.D. Mich. Mar. 6, 2017) ("Numerous courts have similarly concluded that such documentation and explanation of the fraudulent scheme satisfies Rule 9(b)."); *Allstate Ins. Co. v. Total Toxicology Labs, LLC*, 2017 WL 3616476, at *5 (E.D. Mich. Aug. 23, 2017); *State Farm Mut. Auto. Ins. Co. v. Vital Community Care, P.C.*, 2018 WL 2194019, at *7 (E.D. Mich. May 14, 2018).

In light of this authority, Defendants' various arguments regarding the insufficiency of Plaintiffs' pleading, which wholly ignore the specific allegations against the Ramakrishnan Defendants, are meritless. Allstate has provided sufficient detail to give the Ramakrishnan Defendants notice of the fraud claims against them and has adequately stated a RICO claim.

Defendants also argue that certain allegations in the complaint are contradicted by the exhibits and should not be taken as true. They primarily assert that certain exemplar claims set forth in the complaint are not also listed in the spreadsheets attached to the complaint. ECF No. 39 at PageID 1415-18. These summary exhibits are not the type of documents, such as a contract or other written instrument, that trump the allegations in the complaint. *Cf. Croce v. New York Times Co.*, 930 F.3d 787, 792 (6th Cir. 2019) (noting allegedly defamatory article "speaks for itself" and the court

need not accept contradictory allegations as true). Moreover, even if the court were to disregard these allegedly contradictory allegations, the complaint nonetheless contains sufficient factual matter to state a plausible claim for relief.

The Ramakrishnan Defendants contend that the complaint does not allege a sufficient connection between them and the other Defendants, or that their relationship with Defendant Executive Ambulatory Surgical Center is impermissible. They fail to cite authority that such allegations are required, particularly in light of the court's finding that Allstate has sufficiently alleged a RICO claim.[1]

The Ramakrishnan Defendants have not identified deficiencies in the complaint that are fatal to Allstate's claims at this stage of the proceedings. Accordingly, IT IS HEREBY ORDERED that the Ramakrishnan Defendants' motion to dismiss is DENIED.

Dated: November 2, 2022

                                                      s/George Caram Steeh
                                                      George Caram Steeh
                                                      United States District Judge

---

[1] Defendants assert that Allstate's non-RICO claims are deficient for the same reasons as the RICO claim. This argument lacks merit for the reasons explained above.